UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

IN RE

MICHAEL J. TEDESCO                                                                                           CASE NO. 19-21421
MICHELLE A. TEDESCO                                                                                          CHAPTER 13

DEBTORS

MEMORANDUM OPINION AND ORDER
OVERRULING CONFIRMATION OBJECTION

Before the Court is Creditor Lakeview Loan Servicing, LLC's objection [ECF No. 83 (the "Objection")] to confirmation of Debtors' amended chapter 13 plan [ECF No. 75 (the "Plan")]. Debtors and Creditor briefed their positions [ECF Nos. 94 and 95] and agree the Objection should be decided on those briefs. The Chapter 13 Trustee ("Trustee") states that the only impediment to confirmation is the Objection.

The narrow issue before the Court is whether Debtors can confirm their "cure and maintain" Plan even though the Court previously granted Creditor relief from the automatic stay to pursue its state law remedies enforcing its mortgage on Debtors' residence. The Court will overrule the Objection because the existence of the automatic stay is not a pre-requisite to confirmation of a chapter 13 plan, and Debtors may "cure and maintain" Creditor's claim until a foreclosure sale occurs.

FACTS

Debtors filed their petition on November 21, 2019. Their schedules list their residence located at 149 Breckinridge Drive, Alexandria, Kentucky (the "Residence") valued at $161,600. Creditor's Proof of Claim asserts a $172,583.76 claim secured by a mortgage against the Residence. After Debtors failed to make post-petition payments, Creditor moved for relief from

the automatic stay pursuant to § 362(d)[1], seeking authority to exercise its state law remedies against the Residence. Debtors did not object and the Court granted the motion. [ECF No. 68 (the "Stay Relief Order").] No party appealed the Stay Relief Order.

Subsequently, Debtors filed the Plan. It proposes that Debtors will make direct post-petition monthly installment payments of $1,272.03 to Creditor and cure Creditor's prepetition arrearage through Plan payments made to the Trustee. In addition, the Plan proposes the following non-standard provision:

> Debtors are expressly proposing treatment for mortgage creditor Lakeview Loan Servicing that is contrary to plan paragraph 3.1 above. Debtors are proposing that confirmation shall override the following provision of paragraph 3.1: "If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan."
>
> The Confirmation order shall serve as an order by the Court for the Trustee to continue payments under paragraph 3.1, and the secured claims based on that collateral shall continue to be treated by the plan, even though creditor has obtained relief from stay. Debtors have tendered several post-petition payments to creditor Lakeview Loan Servicing, and creditor has accepted those payments. Debtors will continue to fund their plan and their plan shall cure the pre-petition mortgage arrearage. The residence is necessary for the Debtors [sic] successful reorganization, and creditor Lakeview Loan Servicing shall be bound by the confirmed plan to accept such payments as to allow the debtors to cure their mortgage arrearage through the Chapter 13 plan, and continue to accept ongoing monthly payments directly from the Debtors.

[Plan, Section 8.1.]

Creditor's sole argument is that Debtors cannot propose a "cure and maintain" plan because Debtors are bound by the Stay Relief Order and the Plan impermissibly modifies that Order. Specifically, Creditor contends that the Stay Relief Order is final, non-appealable and not subject to modification under Bankruptcy Rule 9024. Debtors respond that (I) the Plan meets all the

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. References to the Federal Rules of Bankruptcy Procedure appear as "Bankruptcy Rule ___."

confirmation requirements of § 1325(a), (II) § 1322 allows Debtors to propose a "cure and maintain" plan, (III) the Plan does not alter the Stay Relief Order, and (IV) § 1325 does not require the automatic stay to remain in place for the Plan to be confirmed.

The issue before the Court is narrow. Creditor does not argue that Debtors failed to meet any of the confirmation requirements of § 1325(a). Creditor also does not contend that the Plan cannot require it to continue accepting payments from Debtors or the Trustee.

## JURISDICTION

The Court has jurisdiction and venue is proper. 28 U.S.C. §§ 1334, 1409. This is a core proceeding. 28 U.S.C. § 157(b)(2)(A) and (L).

## ANALYSIS

A court shall confirm a chapter 13 plan if it satisfies the nine subparts of § 1325(a). Moreover, through a plan, a debtor may cure a default with respect to a lien on their principal residence under § 1322(b)(3) or (5) "until such residence is *sold at a foreclosure sale*[.]" 11 U.S.C. § 1322(c)(1) (emphasis added); *see also In re Holman*, No. 12-50023, 2013 Bankr. LEXIS 981, at *12 (Bankr. E.D. Ky. Mar. 15, 2013) (the ability to cure a default ends only when the foreclosure sale is conducted); *In re Crawford*, 232 B.R. 92, 96 (Bankr. N.D. Ohio 1999) ("a debtor's right to cure ends when the sheriff accepts a bid at the foreclosure auction, so long as the sale has been properly conducted under state law."). Here, the Residence has not been sold at a foreclosure sale. Thus, the Court must confirm Debtors' "cure and maintain" Plan, notwithstanding Creditor's objection, so long as the plan satisfies § 1325(a)(1) through (9).

Further, a court may confirm a plan even if it treats property that is not covered by the automatic stay. "None of the conditions for plan confirmation in § 1325(a) mention the presence or absence of the automatic stay." *In re Dyer*, No. 12-8030, 2013 Bankr. LEXIS 928, at *13

3

(B.A.P. 6th Cir. Mar. 14, 2013) (citing 11 U.S.C. § 1325(a)); *see also In re Fleming*, 349 B.R. 444, 446 (Bankr. D.S.C. 2006) ("the existence of the automatic stay is not a prerequisite to the confirmation of a Chapter 13 plan."). As explained in *Dyer*, "[c]ase law, however, has rejected the proposition that the absence of the stay constitutes a per se absence of the good faith or feasibility required by § 1325." *Dyer* at * 14. "Congress did not mandate … the denial of confirmation if the automatic stay terminated prior to confirmation" and "the termination of the automatic stay does not necessarily deprive a debtor of the right to continue under Chapter 13, obtain confirmation of a plan, and ultimately obtain a discharge if the debtor complies with the terms of the plan." *Id*. at *15-16 (quoting *Fleming* at 466-447); *see also In re Murphy*, 346 B.R. 79, 83 (Bankr. S.D.N.Y. 2006) ("Because termination of the stay under Section 362(c) is not the equivalent of termination of the Chapter 13 case, it is still possible for a debtor to confirm a Chapter 13 plan when the stay terminates early in the case under Section 362."); *In re Underhill*, 425 B.R. 614, 619 (Bankr. D. Utah 2010) ("Termination or lack of the § 362(a) stay may impact a chapter 13 plan but does not *per se* preclude confirmation of a plan.").

Finally, Creditor's argument that confirmation of the Plan will negate the binding effect of the Stay Relief Order is incorrect. The Stay Relief Order authorized, but did not compel, Creditor to pursue state court remedies related to its lien on the Residence. Nothing in the Plan purports to modify the Stay Relief Order; rather, the Plan treats Creditor's claim in a manner consistent with §§ 1322 and 1325. The Plan's nonstandard provision requires the Trustee to keep making arrearage payments to Creditor notwithstanding the Stay Relief Order, which alters a term of the local form chapter 13 plan. If the Plan is confirmed, Creditor still may pursue relief in the state court owing to the Stay Relief Order.[2]

---

[2] The Court leaves for another day any procedural issues which may result from this ruling.

**CONCLUSION**

For the foregoing reasons, the Court may confirm the Plan even though Creditor obtained relief from the automatic stay authorizing it to proceed in state court to enforce its lien on the Residence. Although the Plan cannot offer Debtors "the same level of protection offered by a plan that is reinforced by the automatic stay," it is a risk "that the Bankruptcy Code allow[s] the Debtors to take—as long as the Debtors [meet] the confirmation requirements of § 1325(a)." *Dyer* at * 17, 19-20. Accordingly, IT IS HEREBY ORDERED that:

(1)  The Objection [ECF No. 83] is OVERRULED.

(2)  Trustee shall tender an order confirming the Plan within seven days.

5

___

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



Signed By:
*Tracey N. Wise*
**Bankruptcy Judge**
Dated: Friday, November 20, 2020
(tnw)